# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PEARLINE H. BLOUNT,        )
                              )
     Plaintiff,            )
                              )
v.                         )     Case No. CV414-101
                              )
FORESTERS INSURANCE     )
COMPANY,              )
                              )
     Defendant.         )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Pearline H. Blount moves for leave to proceed *in forma pauperis* (IFP) in her case against Foresters Insurance Company (FIC). Doc. 2. Finding her indigent, the Court **GRANTS** her IFP motion, doc. 2, but her complaint, doc. 1, must be **DISMISSED**. Blount alleges that after resolving a payment issue she kept up payments on her mother's insurance policy, but FIC canceled it anyway. Doc. 1 at 4. She wants the policy reinstituted because she has paid it in full. *Id.* at 5. She also wants "pain [and] suffering for each day I worried about how my daughters will be able to take care of my final expenses. You don't know what a hardship this is on me. Because I was paying my insurance." *Id.*

Applying Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter jurisdiction), the Court notes that Blount fails to plead any jurisdictional basis, much less standing to litigate what appears to be her mother's insurance claim.[1] Nor does she plead any legal theory,[2] though possibly she raises a breach of policy contract claim and seeks specific performance.[3] She is free to amend her

---

[1] Because this is a court of limited jurisdiction, the burden is on Blount to plead and prove, by a preponderance of the evidence, facts supporting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (quotes and cite omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Those invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), for example, bear the burden of establishing complete diversity of citizenship -- that the plaintiff and defendant are domiciled in different states -- and that the amount in controversy more likely than not exceeds § 1332's $75,000 jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *partially abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2000); *Connally v. State Farm Fire and Cas. Co.*, 2012 WL 2155110 at * 12 (S.D. Ala. May 22, 2012).

[2] Dismissal is also appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

[3] Judges must liberally construe what *pro se* litigants say *factually*, but they cannot raise or plug holes in legal arguments for them. *Boles v. Riva*, 2014 WL 1887376 at * 1 (11th Cir. May 13, 2014) ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010).

Complaint concurrent with any Fed. R. Civ. P. 72(b)(2) Objection that she may file.

**SO REPORTED AND RECOMMENDED,** this 16th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA